1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA
10       EASTERN DIVISION

| | |
|---|---|
| 11  PATTY LORETTA ABILEZ, ) | Case No. EDCV 14-02014 (GJS) |
| 12            Plaintiff, ) | |
| 13           v. ) | MEMORANDUM OPINION AND ORDER |
| 14  CAROLYN W. COLVIN, Acting ) Commissioner of Social Security, ) | |
| 15 ) | |
| 16            Defendant. ) | |
| 17 _____ ) | |

18

19                          I.    PROCEEDINGS

20       Plaintiff Patty Loretta Abilez ("Plaintiff") filed a complaint seeking review

21 of the Commissioner's denial of her applications for Disability Insurance Benefits

22 and Supplemental Security Income.  The parties filed consents to proceed before

23 the undersigned United States Magistrate Judge, and motions addressing disputed

24 issues in the case (Plaintiff's Opening Brief ("Plaintiff's Brief") and Defendant's

25 Brief in Opposition to Plaintiff's Complaint ("Defendant's Brief")).  The Court has

26 taken the motions under submission without oral argument.

27 / / /

28 / / /

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since June 5, 2010, based primarily on arthritis, high blood pressure, depression, ovarian cysts, and headaches.  (Administrative Record ("AR") 51, 229, 249, 274).

On March 8, 2013, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's request for benefits.  (AR 47-57).  The ALJ determined that Plaintiff has degenerative disc disease, spondylosis, degenerative joint disease, frozen shoulder, a history of scoliosis, pelvic pain, acromioclavicular joint separation, hypertension, asthma, depression, and anxiety.  (AR 49).  The ALJ found that, notwithstanding these severe impairments, Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work,[1] and is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  (AR 51, 54-56).  In finding Plaintiff not disabled, the ALJ deemed Plaintiff's subjective complaints less than fully credible.  (AR 52-54).

Plaintiff sought review from the Appeals Council, submitting a brief from Plaintiff's counsel and records from Riverside County Medical Center and the Orthopedic Surgical Spine Clinic, dated March 31, 2012 to March 12, 2013.  (AR 303-04, 685-741).  The Appeals Council considered these additional materials, but

---

[1] Specifically, the ALJ found that Plaintiff's ability to perform light work was limited by the following:  occasional postural activities involving no climbing ladders, ropes or scaffolds; no overhead reaching bilaterally; no reaching above shoulder level on the left side; occasional reaching below shoulder level on the left side; frequent reaching on the right side; occasional manipulation with the left hand; frequent manipulation with the right hand; no exposure to hazards; and no extreme neck motion.  (AR 51, 54); *see* 20 C.F.R. §§ 404.1567(b), 416.967(b).  The ALJ further found that Plaintiff was limited to unskilled, non-public work.  (AR 51, 55).

2

Case 5:14-cv-02014-GJS   Document 25   Filed 08/07/15   Page 3 of 9   Page ID #:827

denied review.[2]  (AR 3-13, 303-04, 685-741).

## III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

Where, as here, the Appeals Council considered additional material, but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); *Penny v. Sullivan*, 2 F.3d 953, 957 n. 7 (9th Cir. 1993) ("the Appeals Council considered this

---

[2] Plaintiff also submitted to the Appeals Council records from Riverside County Medical Center, dated March 20, 2013 to October 28, 2013.  (AR 4).  The Appeals Council looked at these additional materials, but determined that they pertained to the time period after the ALJ's decision, and did not affect the disability determination.  (AR 4).  These additional materials were not included in the administrative record on appeal.

1   information and it became part of the record we are required to review as a

2   whole").

3                                    **IV.   DISCUSSION**

4          Plaintiff argues that the ALJ failed to state sufficient reasons for discounting

5   her credibility.  (Plaintiff's Brief at 5-9).

6          If a claimant produces objective medical evidence of an underlying

7   impairment that could reasonably be expected to produce the symptoms alleged

8   and there is no affirmative evidence of malingering, the ALJ must offer "clear and

9   convincing" reasons to reject the claimant's testimony.  *Smolen v. Chater*, 80 F.3d

10  1273, 1281-82 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th

11  Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is

12  malingering, the Commissioner's reasons for rejecting the claimant's testimony

13  must be 'clear and convincing.'" (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

14  Cir. 1995))).[3]  Moreover, "[t]he ALJ must state specifically which symptom

15  testimony is not credible and what facts in the record lead to that conclusion."

16  *Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

17  2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be

18  ─────────────────

19        [3] The Commissioner argues that the proper standard to assess an ALJ's

20  adverse credibility determination is whether the ALJ provided "sufficiently

21  specific" findings supported by the record to ensure that the ALJ did not

22  "arbitrarily discredit" a claimant's subjective testimony.  (Defendant's Motion at 2-

23  3 (citing *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)).  However,

24  recent Ninth Circuit cases apply the "clear and convincing" standard when there is

25  no finding of "malingering."  *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1136-37

26  (9th Cir. 2014); *Treichler v. Commissioner*, 775 F.3d 1090, 1102 (9th Cir. 2014);

27  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 n. 9 (9th Cir. 2014); *Garrison v. Colvin*,

28  759 F.3d 995, 1014-15 & n. 18 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104,
    1112 (9th Cir. 2012).  In the present case, the Court need not resolve the asserted
    conflict in the Ninth Circuit authority, as the ALJ's findings are sufficient under
    either standard.

credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991).  In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility:  (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas*, 278 F.3d at 958-59.

At the administrative hearing, Plaintiff testified that she suffers from depression, anxiety, and significant pain and discomfort in her neck, shoulders, back, arms, fingers and head.  (AR 66-76).  Plaintiff reported difficulty with sitting, standing, walking, reaching above shoulder level, and performing daily activities, such as household chores, grooming, dressing, and cooking.  (AR 68, 72-74, 76, 242, 245).  When asked about problems with depression and anxiety, Plaintiff testified that she sits and cries about her pain, and wishes that she were "normal."  (AR 75).  Plaintiff also claimed that she does not go out very often and has little interest in socializing with others.  (AR 74, 243-45).

The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent alleged.  (AR 52).  As discussed below, the ALJ offered legally sufficient reasons to support the adverse credibility determination.

The ALJ determined that Plaintiff stopped working as a home care provider for reasons unrelated to her allegedly disabling physical and mental impairments.  (AR 54).  In her Disability Report and applications for benefits, Plaintiff claimed that she has been unable to work since June 5, 2010, due to her disabling conditions.  (AR 201, 229).  At her psychiatric evaluation, however, Plaintiff stated

1    that she had to stop working on June 5, 2010, because her client had died. (AR
2    371). At the hearing, Plaintiff admitted that her impairments did not actually
3    prevent her from working until December 2010, when she began to feel more pain.
4    (AR 69). Plaintiff testified that after her client passed away, she had tried to find
5    another job, but had been unsuccessful. (AR 69). That Plaintiff's alleged
6    symptoms did not directly cause her to leave her job is a proper consideration in
7    the ALJ's credibility evaluation and a sufficient basis to reject Plaintiff's
8    testimony. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (an ALJ
9    may consider the fact that a claimant stopped working for reasons other than
10   disability in assessing credibility). Further, inconsistencies in Plaintiff's statements
11   regarding the reason she stopped working serve as a clear and convincing reason
12   for discrediting her testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.
13   2005); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)
14   (inconsistencies in testimony or between testimony and conduct may be considered
15   in weighing credibility).[4]
16         Additionally, the ALJ found that symptoms from Plaintiff's mental
17   impairments were well controlled with medication. (AR 52-54); *see* 20 C.F.R. §§
18   404.1529(c)(3)(iv), 416.929(c)(3)(iv); *see also Warre v. Comm'r*, 439 F.3d 1001,
19   1006 (9th Cir. 2006) (explaining that impairments that can be controlled
20   effectively with medication are not disabling for purposes of determining
21   eligibility for benefits); *Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1999) (in
22   assessing claimant's credibility, ALJ did not err in considering that medication

23         [4] The Court notes that the Plaintiff also appears to have provided conflicting
24   information about the date that she last worked. In May 2010, Plaintiff reported to
     an examining psychologist that she had last worked in July 2009, and was not
25   working at the time of the examination. (AR 326-27). However, Plaintiff stated in
     her Disability Report that she worked as a home care provider from August 2009
26   through June 5, 2010. (AR 230). Plaintiff's earnings records confirm that Plaintiff
27   received income from In Home Support Services in 2009 and 2010. (AR 223).
28

"aided" claimant's symptoms).  Plaintiff does not challenge this rationale, and the Court finds that Plaintiff's medical records support the ALJ's conclusion.  For example, in July 2011, the examining psychiatrist opined that Plaintiff had only a mild degree of depression and anxiety that would dissipate with continued medication use (Zyprexa).  (AR 52-53, 374-75, 377).  Although Plaintiff complained of severe mood swings in May 2012, Plaintiff apparently had not been taking her medication and was given a new prescription at that time.  (AR 518). On January 2, 2013, just six days before the hearing, Plaintiff's doctor reported that Plaintiff was stable, demonstrated appropriate mood and affect, and was doing well on Zyprexa.  (AR 53, 647, 649).  Thus, the effectiveness of medications in controlling Plaintiff's mental symptoms was a valid reason for discrediting Plaintiff's testimony.  (AR 52, 54); *see Warre*, 439 F.3d at 1006.

The ALJ also properly observed that Plaintiff's subjective complaints and alleged limitations are not consistent with her ability "to engage in ordinary activities."  (AR 54); *Bunnell*, 947 F.2d at 346 (An ALJ may consider a claimant's daily activities when weighing credibility); *Burch*, 400 F.3d at 680 (upholding an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew).  Plaintiff reported extreme limitations in functioning.  Plaintiff testified that she is unable to stand for more than 45 minutes, has low back pain after sitting for 45 minutes to an hour, and experiences neck pain when she keeps her head down.  (AR 52, 68, 73-74).  When asked about her daily activities, Plaintiff claimed, "I really don't do anything," and "my daughter helps me or my boyfriend helps me, you know, so I don't really do much of anything."  (AR 72).  The ALJ reasonably found Plaintiff's assertion that she was unable to engage in any sort of meaningful activities was not credible in light of the fact that she reported in her Function Report that she did laundry, went shopping, cleaned the bathroom, and sometimes drove.  (AR 52, 54, 242-43).  Such

inconsistences between Plaintiff's activities and her testimony support the rejection of her credibility. *See, e.g.*, *Burch*, 400 F.3d at 680-81; *Thomas*, 278 F.3d at 958-59; *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (claimant's testimony regarding daily domestic activities undermined the credibility of her pain-related testimony). While variable interpretations of this evidence may exist, the ALJ's analysis was nonetheless reasonable, and should be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion."); *Thomas*, 278 F.3d at 959 (where "the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.").

Plaintiff asserts that the ALJ improperly relied on a lack of objective evidence and conservative treatment history to discredit her testimony. (Plaintiff's Brief at 7-8). She argues that there was significant evidence in the record that substantiated her physical impairments and established that her treatment, which included narcotic pain medication and epidural steroid injections, was not conservative. (Plaintiff's Brief at 7-8 (citing AR 308-09, 352, 369, 411, 414, 474, 517, 519, 553, 564, 573-74, 579, 591, 616, 713, 717)). However, because the Court has already determined that sufficient evidence supported the ALJ's decision to discount Plaintiff's subjective complaints, it need not determine whether the ALJ materially erred in considering these other reasons for discrediting Plaintiff's testimony. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding an error by the ALJ with respect to one or more factors in a credibility determination may be harmless if the ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record" (citing *Batson,* 359 F.3d at 1197)).

Accordingly, the Court concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider Plaintiff's credibility.

8

## V.   CONCLUSION AND ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.  The Clerk of the Court shall serve this Memorandum Opinion and Order and the Judgment herein on all parties or counsel.


DATED: August 07, 2015    _____
                          GAIL J. STANDISH
                          UNITED STATES MAGISTRATE JUDGE

9